UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

ActivMedia Robotics, LLC

    v.                                              Civil No. 03-cv-459-JM

Kurt Konolige


**O R D E R**


Having reviewed the parties' motions in limine on damages issues, and the relevant authorities, the Court rules that as a matter of law the measure of damages to be applied on Konolige's claim against the AMR parties for breach of a contract to sell AMR shares is the difference between the contract price and the actual or market value of the AMR shares on the date of the breach. Rand v. White Mountain Railroad, 40 N.H. 79, 84 (1860); Langlois v. Maloney, 95 N.H. 408, 414, 64 A.2d 697, 702 (1949). Since there is no public market for AMR's shares, Konolige has the burden of producing evidence that shows the actual value of AMR's shares on the date of the breach. See Phillips v. Verax Corp., 138 N.H. 240, 247 (1994) (finding that the plaintiff presented competent evidence of the value of his damages for

breach of a contract to deliver shares and options in a closely-held corporation); see also Crichfield v. Julia, 147 F. 65, 74 (2d Cir. 1906) (finding that the plaintiff introduced evidence that tended to show what the market value of the property was for the purpose of showing what would have been the real value of the preferred stock at issue); Brandt v. Buckley, 109 S.E. 692, 693 (Ga. Ct. of App. 1921) ("The general rule is that the measure of damages recoverable of the seller for failure to deliver goods sold is the difference between the contract price and the market value at the time and place for delivery; and it is incumbent on one who seeks to recover such damages to submit evidence as to the market price at the time and place for delivery, in order to recover compensatory damages.  In the absence of such evidence no actual damages can be recovered.").  The AMR parties may present evidence that shows the need to reduce Konolige's claimed value, including evidence of the lack of a public market for the shares, and evidence that the amount of shares at issue represents only a minority interest in AMR.  See Rattee v. Rattee, 146 N.H. 44, 51, 767 A.2d 415, 420 (2001) ("Courts have recognized the need for reducing the value of stock both where there is no ready market for the stock and where a party owns only a minority interest in

the corporation); see also Crichfield, 147 F. at 74 (finding that the defendant has the duty to introduce evidence in reduction of the plaintiff's claimed value if the defendant contends that the plaintiff's claimed value is excessive).  The Court intends to include an instruction on the determination of actual value in the jury instructions on damages.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 21, 2005

cc:   Daniel S. Coolidge, Esq.
      Lawrence D. W. Graves, Esq.
      John P. Kelly, Esq.
      Peter Konolige, Esq.
      Mark D. Lorusso, Esq.
      David P. Slawsky, Esq.